**SO ORDERED.**

**SIGNED this 30th day of April, 2015.**



Dale L. Somers
United States Bankruptcy Judge

___

DESIGNATED FOR PRINT PUBLICATION
**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

**In re:**

**KENNETH MICHAEL GOUDREAU
and TENA LUCILLE GOUDREAU,**

**DEBTORS.**

**CASE NO. 14-22731
CHAPTER 13**

**MEMORANDUM OPINION AND JUDGMENT
SUSTAINING THE TRUSTEE'S OBJECTION TO
CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN**

The Chapter 13 Trustee, W.H. Griffin, objects to confirmation of Debtors' Chapter 13 plan for failure to comply with 11 U.S.C. § 1325(a)(4),[1] the best interests of creditors test.[2] Debtors, appearing through their counsel Russell B. Cloon, object, contending that

---

[1] Future references in the text to Title 11 shall be to the section number only.

[2] Doc. 21.

the test is satisfied.[3]

**FINDINGS OF FACT.**

Debtors filed their Chapter 13 petition on November 18, 2014. Debtors' schedules, proposed Chapter 13 plan (Plan), and a notice of assignment of income tax refunds to counsel were filed the same day. Debtors' schedules list non-exempt property having a value of $5,505.

Debtors' schedules and Plan list Chapter 13 attorney fees of $3,250. The Assignment of Income Tax Refunds[4] assigns refunds of state and federal income taxes over-withheld or overpaid during the case to the extent of the fees contained in the fee agreement. Debtors agreed that they would deliver all refund checks to their counsel, that counsel could retain the amount necessary to pay his fees in full, and that the excess would be distributed as directed by the Trustee.

Debtors' Plan provides for payments of $1,376.00 per month for a number of months to be determined by the Trustee after reviewing the case, stating that "[t]he plan length and total of payments may vary as necessary to comply with the Code and the

---

[3] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and § 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D.Kan. Standing Order No. 13-1, *printed in* D.Kan. Rules of Practice and Procedure at 168 (March 2014). An objection to confirmation is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(L). There is no objection to venue or jurisdiction over the parties.

[4] Doc. 7. The assignment is absolute. It is not a pledge of the refunds as security for the fees. The Trustee has not objected to the assignment.

Applicable Commitment Period."[5] Plan paragraph 15, the best interests of creditors test, lists the non-exempt assets and states their total value to be $5,505. The net value is calculated by discounting the total value to 65% of $5,505 and then subtracting attorney fees of $3,250, resulting in a net value of $328.25. Included as a non-standard provision of Plan paragraph 15 is the following: "For the purposes of the liquidation analysis, unsecured claims shall include all creditors holding unsecured claims (both priority, including attorney fees, and non-priority)."

**APPLICABLE LAW.**

This case concerns the construction of § 1325(a)(4), the best interests of creditors test for confirmation of a Chapter 13 plan. It provides:

> (a) Except as provided in subsection (b), the court shall confirm a plan if —
> . . .
> (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

Application of the best interests test "requires two separate calculations."[6] The first is a calculation of the value, as of the effective date of the proposed Chapter 13 plan, of the property to be distributed to each unsecured creditor during the case. The second, the liquidation analysis, is the calculation of the amount that would be paid on each allowed

---

[5] Doc. 6 at 2.

[6] *Jensen v. Dunivent (In re Dewey)*, 237 B.R. 783, 788 (10th Cir BAP 1999).

unsecured claim if the debtor's estate were liquidated "on such date"[7] in a hypothetical Chapter 7 case, taking into account the Chapter 7 administrative expenses.[8] Debtors have the burden to show that the best interests of creditors test is satisfied.[9]

The best interests test, together with the requirement of § 1325(a)(3) that the plan be proposed in good faith and not by any means forbidden by law, is "aimed at the protection of the holders of unsecured claims in chapter 13 cases."[10] Whereas the 1898 Bankruptcy Act required the consent of unsecured creditors to a Chapter XIII plan, the early legislative history to the 1978 Bankruptcy Code states that it requires "only that creditors receive under the plan more than they would if the debtor went into straight bankruptcy."[11]

**POSITIONS OF THE PARTIES.**

With respect to the calculations of the best interests of creditors test, the Plan states: "$5505.00 [the total non-exempt value] x 65% = $3578.25 (-3250 attorney fees = $328.25 net)."[12] The Trustee and Debtors agree that when performing the liquidation

---

[7] 11 U.S.C. § 1325(a)(4).

[8] *Id*.

[9] *In re Steele*, 403 B.R. 882, 890 n. 30 (Bankr. D. Kan. 2009).

[10] 8 *Collier on Bankruptcy*, ¶ 1325.05[1] at 1325-19 (Alan N. Resnick & Henry J. Sommer, eds.-in-chief, 16th ed. 2014).

[11] H.R. Rep. No. 95-595 at 123-24 (1977), *reprinted in* C *Collier on Bankruptcy*, App. Pt. 4(d)(i) at 4-1216 to 4-1217.

[12] Doc. 6 at 13.

4

analysis under § 1325(a)(4) in this case, it is appropriate to reduce the value of Debtors' non-exempt assets by 35% to account for the costs of liquidation. However, the Trustee contends that the Chapter 13 attorney fees should not be included in the liquidation analysis — that the amount to be paid to unsecured creditors under the hypothetical liquidation calculation is $3,578.25, and that this amount may not be reduced by the Chapter 13 attorney fees. Debtors oppose the Trustee's objection.[13]

**DISCUSSION.**

**A. The Chapter 13 attorney fees are not included when calculating the hypothetical Chapter 7 liquidation analysis for purposes of the best interests of creditors test under § 1325(a)(4).**

The Court sustains the Trustee's position. The Tenth Circuit BAP has held that under § 1325(a)(4), the administrative expenses of the Chapter 13 case are to be considered only in the Chapter 13 calculation.[14] The Chapter 7 calculation takes into account the projected Chapter 7 administrative expenses. The BAP stated:

> Section 1325(a)(4) requires two calculations. First, the court must consider the value, as of the effective date of the

---

[13] Debtors' position is difficult to decipher. The Plan's calculation of the liquidation value subtracts the $3,250 attorney fees from the discounted asset value. In their initial brief, Debtors contend that they are entitled to have the Chapter 13 attorney fees paid from the non-exempt equity. (Doc. 22 at 4). But in their supplemental response brief, Debtors state "Chapter 13 Attorney Fees Are Not Part of the Best Interests of Creditors Calculation" and that they "wish to clarify that they do not dispute the Trustee's position that Chapter 13 attorney fees should not be included, *per se*, in determination of the amount to be paid to unsecured creditors in the liquidation test." (Doc. 31 at 2). Later in the same brief, counsel for Debtors states, "It [a case cited by the Trustee] does support the trustee's position that attorney fees should not be deducted in the liquidation analysis, a point to which Debtors have already stipulated." (*Id*. at 4). Because the Trustee bases his objection on the calculation of the liquidation value and Debtors' position is ambiguous, the Court will address the liquidation calculation.

[14] *In re Dewey*, 237 B.R. at 788.

5

> proposed Chapter 13 plan, of the property to be distributed to each unsecured creditor in Chapter 13, taking into account the Chapter 13 administrative expenses. Next, the court must consider the amount that would be paid on each allowed unsecured claim if the debtor's estate were liquidated in a hypothetical Chapter 7 case, taking into account the Chapter 7 administrative expenses. . . . The court does not . . . combine the Chapter 13 and Chapter 7 expenses in calculating the amount to be distributed in Chapter 7 under the best interests of creditors test.[15]

"[T]he starting point [of the liquidation analysis] is obviously the value of the property which the Chapter 7 Trustee would be entitled to liquidate."[16] From that amount is subtracted the likely costs which the Chapter 7 trustee would incur in the liquidation, including the costs of sale, the Chapter 7 trustee fee, and the Chapter 7 trustee's attorney fees.[17]

In this case, the Trustee and Debtors agree that the starting point is $5,505, the value of the available non-exempt assets as stated in Debtors' schedules. They also agree that the estimated costs of liquidation are 35% of the value, resulting in $3,578.25 as the net value of the non-exempt assets.

From this net value, Debtors propose to subtract an additional $3,250, their Chapter 13 attorney fees, leaving a final net value of $328.26. But the inclusion of the Chapter 13 attorney fees in the liquidation analysis is contrary to the foregoing Tenth

---

[15] *Id.*

[16] *In re Steele*, 403 B.R. 882, 888 (Bankr. D. Kan. 2009).

[17] 8 *Collier on Bankruptcy*, ¶ 1325.05[2][d] at 1325-22 to -23.

Circuit BAP authority, which limits the expenses to be considered to those which would be incurred in the hypothetical Chapter 7 case. The rationale for Debtors' position appears to be that the Chapter 13 attorney fees would be a priority unsecured claim in a Chapter 7 case, and would therefore be paid before unsecured claims. The Court agrees with the general proposition that when performing the liquidation analysis to calculate the amount available for unsecured creditors from the liquidation of non-exempt assets, claims having a priority higher than the unsecured claims should be considered.[18] But this does not mean that Debtors' Chapter 13 attorney fees are such a priority claim for purposes of the hypothetical liquidation.[19] The comparison required by the best interests of creditors test attempts to assure that the decision to file a Chapter 13 case instead of a Chapter 7 case is not detrimental to unsecured creditors. If this case had been filed under Chapter 7, there would have been no allowed claim for Chapter 13 attorney fees. "[T]he Debtors' suggestion that the hypothetical liquidation should incorporate the assumption that the Chapter 7 liquidation occurs after conversion from Chapter 13 and thereby includes the payment of Chapter 13 fees as an administrative expense is not supported by

---

[18] *See In re Edwards*, 2012 WL 3584769 at *2-*5 (Bankr. W.D. La. Jan. 5, 2012).

[19] *In re Cowger*, 2014 WL 318241 at *7 (Bankr. C.D. Ill. Jan. 29, 2014) ("In working through the Chapter 7 liquidation analysis, it is only the Chapter 7 administrative expenses which are deducted, not the combined Chapter 7 and Chapter 13 expenses. . . . Unsecured creditors in the Chapter 13 case must receive as much as those creditors would receive in a Chapter 7 case without a reduction for the additional costs associated with the Chapter 13 case. . . . Attorney fees awarded in a Chapter 13 case cannot consume the funds which should be paid to unsecured creditors under the best interests of creditors test. When a plan is proposed which proposes to pay a debtor's attorney fees in lieu of a required dividend to unsecured creditors, the plan does not meet the best interests of creditors test and cannot be confirmed.").

any authority."[20]

The foregoing is closely related to the question whether the "effective date of the plan" for purposes of the § 1325(a)(4) liquidation analysis is the date the Chapter 13 petition was filed or some later date, such as the date of confirmation of the Chapter 13 plan. The Code does not define a plan's effective date. The Chapter 13 plan form used in this district does not include or define the effective date. There is disagreement among the courts[21] and bankruptcy commentators about what is the appropriate date.[22]

The Court finds that the better view is that the date the Chapter 13 petition was filed should be considered the "effective date of the plan" for purposes of the § 1325(a)(4) liquidation analysis. Choosing this date allows a court to make the Chapter 7 analysis using the information in the original schedules, including the property of the estate under § 541, the non-exempt portion of the debtor's property, the value of the non-exempt property, and the identification and value of the debtor's claimed exemptions. This information is available to creditors and the Chapter 13 Trustee for use when they

---

[20] *Id*. at *6, n. 3.

[21] *E.g.*, *In re Green*, 169 B.R. 480, 482 (Bankr. S.D. Ga. 1994) ("effective date of the plan" is date of filing petition); *In re Gibson*, 415 B.R. 735, 737-38 (Bankr. D. Ariz. 2009) ("effective date of the plan" means date of order of confirmation, unless plan states otherwise). In *In re Dick*, 2008 WL 294583, *1 (Bankr. D. Kan. Jan. 30 2008), when Chief Bankruptcy Judge Nugent of this district was discussing the requirements for confirmation of a Chapter 13 plan where the controversy was about the value of the debtor's inventory, he stated that for purposes of the best interests of creditors test, the two calculations "are made as of the 'effective date of the plan,' which most courts construe to mean the petition date."

[22] 8 *Collier on Bankruptcy*, ¶ 1325.05[2][a] (date of filing petition); 2 Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th ed., § 160.1 (most cases use date of filing petition); Chapter 13 Practice and Procedure § 7:9 (Westlaw, Thomson Reuters 2014) (date of confirmation hearing); 7 William L. Norton, Jr., and William L. Norton III, *Norton Bankruptcy Law & Practice 3d*, § 151:11 at n. 6 (Thomson Reuters 2014) (date of confirmation of plan).

8

review a proposed plan. Using the filing date avoids the need to identify and value property, including postpetition earnings, which, under § 1306(a), becomes property of the Chapter 13 estate after the filing of the petition. It also removes from consideration any increase or decrease in the value of estate property that occurs after the date the Chapter 13 petition is filed. Also, focusing on the date of filing is consistent with the purpose of the best interests of creditors requirement to assure that unsecured creditors are not disadvantaged because the debtor chose to file the petition under Chapter 13 rather than Chapter 7. If a later date were chosen, the analysis would in effect answer the question whether unsecured creditors would be disadvantaged by the failure to convert the case from Chapter 13 to Chapter 7, but this is not the purpose of § 1325(a)(4). If on the petition date, Debtors had filed a Chapter 7 case rather than a Chapter 13 case, Debtors would not have incurred Chapter 13 attorney fees, so such fees would not have been an allowed claim in the hypothetical Chapter 7 case. The Chapter 13 attorney fees are not to be subtracted from the net liquidation value of the non-exempt assets for purposes of the liquidation test.

**B. Section 1325(a)(5) is not satisfied by the Plan, which proposes to pay Chapter 13 attorney fees in an amount approximately equal to the net non-exempt equity without paying anything to the general unsecured creditors.**

Debtors included in their Plan as a non-standard provision in the paragraph addressing the best interests of creditors test the following statement: "For the purposes of the liquidation analysis, unsecured claims shall include all creditors holding unsecured

9

claims (both priority, including attorney fees, and non-priority)."[23]  In their initial brief, Debtors argue that the value of the non-exempt equity is not available only for general unsecured creditors, but also to pay their Chapter 13 attorney fees, a priority unsecured claim.[24]  Debtors cite *Edwards*[25] in support.  In that case, the court approved the inclusion of payments to the Internal Revenue Service as the holder of an allowed priority unsecured claim for purposes of determining whether the non-exempt equity would be paid to unsecured creditors as required by the best interests test under § 1325(a)(4).  Debtors then argue that because (1) their Plan proposes to pay their Chapter 13 attorney fees in full, (2) the attorney fees claim is an unsecured priority claim included in the unsecured claims that are protected by the best interests of creditors test (under *Edwards*), and (3) those fees are nearly equal to the $3,578.25 in estimated net proceeds from the liquidation of their non-exempt assets, "the only real beneficiaries of the Trustee's administering the non-exempt equity in this case would be the Trustee (who receives a 5.25% fee for all monies administered) and Debtors' attorney, whose fees would be paid

---

[23] Doc. 6 at 13.  Debtors cite *In re Edwards,* 2012 WL 3584769 (Bankr. W.D. La. 2012), when again arguing that the claim for payment of Chapter 13 attorney fees of $3,250 should be considered a priority unsecured claim for purposes of the § 1324(a)(5) liquidation analysis.  This argument is rejected. As examined above, the Court finds that Debtors' Chapter 13 attorney fees are not a claim which may be considered in the hypothetical Chapter 7 liquidation analysis.  It does not matter whether that claim is a general unsecured claim, a priority unsecured claim, or an administrative claim; it cannot be considered in any event.

[24] Doc. 22 at 4-5.

[25] *In re Edwards*, 2012 WL 3584769 (Bankr. W.D. La. 2012).

more quickly."[26] In response, the Trustee states "[a]ttorney fees are administrative claims afforded priority status, not priority claims, and do not change the best interests of creditors analysis regardless of their status."[27]

The Court finds that the proposed payment of the Chapter 13 attorney fees through the Plan does not satisfy § 1325(a)(4). The best interests test requires that the "value, as of the effective date of the proposed Chapter 13 plan, of the property to be distributed to each unsecured creditor in Chapter 13, *taking into account the Chapter 13 administrative expenses*," be at least equal to the results of the Chapter 7 liquidation calculation, "*taking into account the Chapter 7 administrative expenses*."[28] Under the Code, Chapter 13 attorney fees are Chapter 13 administrative expenses,[29] which are accorded priority status.[30] Debtors' reliance on *Edwards* is misplaced. *Edwards* held that priority unsecured tax claims are included in the Chapter 7 unsecured claims for purposes of the best interests test, but *Edwards* did not hold that Chapter 13 attorney fees are also included.

**C. The Court declines to address whether the proposed payment of the Chapter 13 attorney fees through the Plan is problematic because Debtors assigned their expected tax refunds to pay the same fees.**

---

[26] Doc. 31 at 7.

[27] Doc. 27 at 3.

[28] *In re Dewey*, 237 B.R. at 788 (emphasis supplied).

[29] 11 U.S.C. § 503(b)(2) (compensation awarded under § 330(a) is an administrative expense).

[30] 11 U.S.C. § 507(a)(2) (administrative expenses allowed under § 503(b) are second priority claims).

11

The portion of the Trustee's brief addressing the non-standard term of Debtors' Plan also includes a discussion of the implications arising from the proposed payment of the Chapter 13 attorney fees through the Plan, when Debtors have also assigned their expected tax refunds to counsel for payment of those same fees. Debtors respond by asserting the Trustee should not assume that the assigned tax refunds will be sufficient to pay the fees. The Trustee does not respond to this argument.

The Court declines to address the matter. It is not fully briefed. Resolution of the Trustee's objection to confirmation based upon the best interests of creditors test does not require the Court to address this question.

**CONCLUSION.**

For the foregoing reasons, the Court sustains the Chapter 13 Trustee's objection to Debtors' proposed Plan. The Plan does not comply with the best interests of creditors test codified at § 1325(a)(4). The Chapter 13 attorney fees may not be subtracted from the net value of Debtors' non-exempt assets for purposes of the Chapter 7 liquidation test. The proposed payment through the Plan of Chapter 13 attorney fees in an amount substantially equal to the net value of the non-exempt assets does not satisfy the best interests of creditors test.

The foregoing constitutes Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

**JUDGMENT**.

Judgment is hereby entered granting the Chapter 13 Trustee's objection to confirmation of Debtors' proposed Chapter 13 Plan for noncompliance with the § 1325(a)(4) requirement that the plan propose to pay the net value of Debtors' non-exempt equity in the amount of $5,505 to unsecured creditors. The judgment based on this ruling will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**IT IS SO ORDERED.**

# # #